UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA ELECTRICAL WORKERS PENSION TRUST FUND IBEW, TRUSTEES OF THE IBEW LOCAL UNION 481 DEFINED CONTRIBUTION PLAN AND TRUST, TRUSTEES OF THE IBEW LOCAL NO. 481 SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN, TRUSTEES OF THE ELECTRICAL WORKERS BENEFIT TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> DARNELL, INC. d/b/a TECHNOLOGY ELECTRIC, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     No. 1:19-cv-04301-JPH-DML |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

On October 22, 2019, Plaintiffs filed a complaint against Defendant

Darnell, Inc., seeking damages for unpaid employer contributions under the

Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor

Management Relations Act of 1957. Dkt. 1. Defendants have not responded or

defended this case. On December 27, 2019, clerk's entry of default was

entered against Darnell. Dkt. 8. Plaintiffs have moved for default judgment.

Dkt. [9]. For the reasons that follow, that motion is **DENIED without**

**prejudice**.

1

## A.     Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Darnell, dkt. 8, and Plaintiffs seek default judgment.  Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

## B.     Damages

While the Court must accept as true allegations relating to liability, damages must be proved to a "reasonable certainty."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  A hearing is required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Id.*

Plaintiffs request damages for unpaid contributions, liquidated damages, attorney fees and costs, and interest.  Dkt. 9.  They allege $216,517.26 in unpaid contributions.  Dkt. 9 at 1.  In support, they provide only an affidavit from Plaintiffs' plan administrator, David Ray.  Dkt. 10-1.  The affidavit

concludes that "[b]ased on work reports submitted by Defendant for the months of May 2019 through October 2019, Defendant owes $216,517.26 in unpaid contributions." *Id.* at 3. That is the only evidence about the amount of unpaid contributions. Plaintiffs have not submitted the work reports referenced in the affidavit or explained their contents, and the affidavit does not explain who calculated the unpaid contributions or how those calculations were made.

That affidavit is not enough to support a default judgment for unpaid contributions. The Court must be able to determine damages "from definite figures contained in the documentary evidence or in *detailed* affidavits." *e360 Insight*, 500 F.3d at 602 (emphasis added). But Mr. Ray's affidavit is unsupported by any exhibits, and does not explain how he calculated the unpaid contributions. *Cf. Tr. of Teamsters Union Local No. 142 v. Actin, Inc.*, No. 2:07-cv-289-TS, 2010 WL 3893982 at *4–6 (N.D. Ind. Sept. 28, 2010) (finding that two undisputed payroll audits with a supporting affidavit and exhibits established unpaid contributions); *Tr. of Teamsters Union Local No. 142 v. IB&B, LLC*, No. 2:11-cv-337, 2012 WL 968014 at *3 (N.D. Ind. Mar. 21, 2012) (finding that an affidavit supported by exhibits and billing records established unpaid contributions).

Without more, the Court cannot determine damages to a "reasonable certainty." *e360 Insight*, 500 F.3d at 602. For example, in *Ballard v. RCM Construction*, the Court was able to ascertain unpaid contributions because the plaintiffs provided detailed spreadsheets showing the calculations. No. 1:13-

cv-1751-JMS-DKL, 2015 WL 4392955 at *5 n.1 (S.D. Ind. June 26, 2015). But even then, the Court warned the plaintiffs "to better . . . show their calculation methods" in future motions for default judgment. *Id.* Here, Plaintiffs have provided no information about their calculation methods except to say that their request is based on work reports that Darnell submitted. Dkt. 10-1 at 3. Their motion for default judgment is therefore **DENIED without prejudice**. Dkt. [9].

Plaintiffs shall have through **March 27, 2020** to renew their motion for default judgment.

**SO ORDERED.**

Date: 2/13/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Paul E. Stoehr
LEDBETTER PARISI LLC
pstoehr@fringebenefitlaw.com