UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA ELECTRICAL WORKERS PENSION TRUST FUND IBEW, TRUSTEES OF THE IBEW LOCAL UNION 481 DEFINED CONTRIBUTION PLAN AND TRUST, TRUSTEES OF THE IBEW LOCAL NO. 481 SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN, TRUSTEES OF THE ELECTRICAL WORKERS BENEFIT TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> DARNELL, INC. d/b/a TECHNOLOGY ELECTRIC, <br><br> Defendant. | No. 1:19-cv-04301-JPH-DML |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On October 22, 2019, Plaintiffs filed a complaint against Defendant Darnell, Inc., seeking damages for unpaid employer contributions. Dkt. 1. Defendants have not responded or defended this case. On December 27, 2019, clerk's entry of default was entered against Darnell. Dkt. 8. Plaintiffs have filed a renewed motion for default judgment. Dkt. [12]. For the reasons that follow, that motion is **GRANTED**.

A. **Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry

1

of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true.  *VLM Food*, 811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

Here, an entry of default was entered against Darnell, dkt. 8, and Plaintiffs seek default judgment.  Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages.  *See* Fed. R. Civ. P. 55(b).

**B.      Damages**

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)).

Here, Plaintiffs seek unpaid contributions, liquidated damages, interest, and attorney fees and costs.  Dkt. 13 at 3.  Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary.  *See e360 Insight*, 500 F.3d at 602.

### 1. Unpaid contributions

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request $216,517.26 in unpaid contributions. Dkt. 13 at 4. In support, they have provided an affidavit from David Ray, the plan administrator for Plaintiff funds. Dkt. 13-1. That affidavit explains that, based on work reports that Darnell submitted for May to October 2019, Darnell "owes $216,517.26 in unpaid contributions." *Id.* at 3. The affidavit includes a spreadsheet itemizing and totaling the unpaid contributions, and a spreadsheet generated from Defendant's work reports. *Id.* at 5, 9–10.

This uncontested affidavit and supporting spreadsheets are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $216,517.26 in unpaid contributions.

### 2. Liquidated damages

29 U.S.C. § 1132(g)(2)(C) provides for liquidated damages under the plan "not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount" of unpaid contributions. Plaintiffs request $23,918.96 in liquidated damages. Dkt. 13 at 4. As with the unpaid contributions, they have supported that request with an affidavit from David Ray and a spreadsheet itemizing and totaling the liquidated damages. Dkt. 13-1.

This uncontested affidavit and supporting spreadsheet are enough to support Plaintiffs' liquidated damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $23,918.96 in liquidated damages.

### 3. Attorney fees and costs

Under 29 U.S.C. § 1132(g)(2)(D), the Court shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." Attorney fees awards are in the sound discretion of the district court, but the Court "must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award" and must explain the hourly rate used. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs request $4,874.00 in attorney fees and $400.00 in costs. Dkt. 13 at 4. In support, they have provided a declaration from Plaintiffs' counsel Paul Stohr and a detailed printout of counsel's billing records. Dkt. 13-2 at 2–21. The declaration explains that counsel's law firm has extensive experience in delinquent collections and charges between $205.00 and $245.00 per hour for attorneys and between $110.00 and $125.00 per hour for paralegals—rates that are in line with what other firms charge for the type of work this case required. Dkt. 13-2 at 3. The declaration also explains that Plaintiffs paid the $400.00 filing fee for this case. *Id.*; *see* dkt. 1.

Mr. Stohr's declaration shows that the hour rates charged are reasonable. *See Moriarity*, 429 F.3d at 717. And the detailed billing descriptions show that the requested $4,874.00 is reasonable and justified by the facts of this case and is proportional to the total damages award. *See id.*

4

Plaintiffs are also entitled to $400.00 in costs.  *See* 29 U.S.C. § 1132(g)(2)(D).  Finally, Plaintiffs request and are entitled to attorney fees and costs incurred in collecting the judgment.  *See Free v. Briody*, 793 F.2d 807, 808 (7th Cir. 1986).

### 4. Interest

Finally, 29 U.S.C. § 1132(g)(2)(B) provides for interest on the unpaid contributions.  The governing documents entitle Plaintiffs to interest of 1% per month until the delinquent contributions are paid in full.  *See* dkt. 13 at 2.  Mr. Ray's affidavit explains, with a supporting spreadsheet, that the interest that has accrued as of February 1, 2020 totals $10,997.39.  Dkt. 13-1 at 3, 7.  Plaintiffs are therefore entitled to that amount, plus ongoing interest at the same rate until the unpaid contributions are paid in full.  *See* 29 U.S.C. § 1132(g)(2)(B).

## Conclusion

Plaintiffs' motion for default judgment is **GRANTED**.  Dkt. [12].  They are entitled to unpaid contributions, liquidated damages, attorney fees and costs, and interest totaling $256,707.61, plus ongoing interest on unpaid contributions until those contributions are paid in full and attorney fees and costs incurred in collecting the judgment.  Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 4/13/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Paul E. Stoehr
LEDBETTER PARISI LLC
pstoehr@fringebenefitlaw.com